IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEROME GREER-EL, #185 535, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:15-CV-435-MHT |
| | ) [WO] |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a state inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, has filed a petition for habeas corpus relief under 28 U.S.C. § 2241. The matter is now before the court for a review of the petition under Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* ["Rule 4"].[1] Upon review, the court concludes that the instant habeas corpus action is due to be denied and dismissed.

**I. DISCUSSION**

*A. Nature of the Petition*

Petitioner brings this habeas petition under § 2241 challenging the validity and legality of his current incarceration claiming that the convictions and sentence under which he is incarcerated are null and void due to issuance of fraudulent arrest warrants in 2004 regarding these offenses. Petitioner seeks his release from custody due to the alleged unconstitutional restraint on his liberty. *Doc. No. 1*.

Petitioner previously filed a 28 U.S.C. § 2254 habeas corpus petition in this court challenging the convictions for shooting into an occupied dwelling and shooting into an

---
[1] Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

unoccupied vehicle imposed upon him on April 25, 2005 by the Circuit Court for Macon County, Alabama. The trial court sentenced Petitioner on May 25, 2005, to 21 years in prison on each conviction, to run concurrently. *See Greer-El v. Wheeler-White, et al.,* Civil Action No. 3:10-CV-1055-TMH (M.D. Ala. 2013). In that prior action, the court denied Petitioner relief from his Macon County convictions, finding his habeas application to be without merit. *Id. at Doc. Nos. 74, 78, 79*.

Petitioner now returns to this court ostensibly seeking relief under 28 U.S.C. § 2241 from his 2005 convictions. However, the petition is properly construed as a request for relief under 28 U.S.C. § 2254. *See, e.g.*, *Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1302 n. 1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir.2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

Even though Petitioner's petition is "authorized by § 2241, it is also governed by § 2254 because [Petitioner] is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)." *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (a § 2241 habeas petition filed by a prisoner in custody under the judgment of a state court is subject to the procedural restrictions contained in § 2254). In coming to this conclusion, the Eleventh Circuit determined that "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes. See 28 U.S.C. § 2241(a) ('Writs of habeas corpus may be granted. . . .'); 28 U.S.C. § 2254(a) ('[Federal courts] shall entertain an application for a writ of habeas corpus. . .'). These identical statutory references to

'the writ of habeas corpus' must be read as referring to the same remedy. *See Sorenson v. Sec'y of the Treasury*, 475 U.S. 851, 860, 106 S.Ct. 1600, 1606, 89 L.Ed.2d 855 (1986)." *Medberry*, 351 F.3d at 1059. Thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." *Id*. at 1062.

A review of the instant petition reflects that it seeks the type of relief provided by 28 U.S.C. § 2254. Under this statute:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The petition shows that Petitioner is "in custody pursuant to the judgment of a State Court." It also shows that Petitioner seeks to challenge the legality and validity of his convictions which led to his current incarceration. "Section § 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court.' . . . [Petitioner] is in custody pursuant to the judgment of the [Alabama] court. Therefore § 2254 applies to [Petitioner's] petition [and] . . . [he] cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. This court must apply the procedural restrictions contained in § 2254 to the instant petition.

B. The 2005 Convictions

Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application [for habeas corpus relief] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and

may be granted "only if [the assigned panel determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (c).

As explained, this court's records demonstrate that Petitioner filed a previous habeas corpus petition under 28 U.S.C. § 2254 challenging his 2005 convictions for shooting into an occupied dwelling and shooting into an unoccupied vehicle. *Greer-El v. Wheeler-White, et al.*, Case Action No. 3:10-1055-TMH (M.D. Ala. 2013).[2] In the prior habeas action, this court decided the matter adversely to Petitioner on the merits. *Id*.

The pleadings filed by Petitioner demonstrate that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Petitioner's] second habeas corpus petition [with respect to his 2005 convictions] and because he had no permission from [the Eleventh Circuit] to file a second habeas petition [for his convictions], . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, it is clear that this court lacks jurisdiction to consider Petitioner's petition for habeas corpus relief seeking to challenge his 2005 convictions for shooting into an occupied dwelling and shooting into an unoccupied vehicle. *Id*. at 934.

C. Petition for Writ of Quo Warranto

Petitioner has also filed a document captioned as a petition for writ of *quo warranto* in which he seeks to challenge the authority and jurisdiction of the Circuit Court for Macon County

---

[2] The court notes that Petitioner also filed a habeas petition under § 2254 on December 19, 2008, seeking to challenge the 2005 convictions entered against him by the Circuit Court for Macon County. That petition, however, was dismissed without prejudice to afford Petitioner the opportunity to exhaust state remedies. *See Greer-El v. Culliver, et al.*, Civil Action No. 3:08-CV-1013-MEF (M.D. Ala. 2009).

4

and state prosecutors to institute and pursue criminal proceedings against him regarding the offenses challenged in the captioned action. *See Doc. No.1*. Petitioner may not, however, circumvent the prohibition against successive habeas petitions merely by "re-casting" his petition as a petition for writ of *quo warranto*. *See McKinley v. Federal Bureau of Prisons*, 2007 WL 2480323 (E.D. Tex. 2007) (dismissing petition for writ of q*uo warranto* and concluding it was an attempt to file a prohibited successive habeas petition).

Even considering the petition as a request for a writ of *quo warranto*, the court finds that Petitioner has no authority to invoke the writ, as only the sovereign can bring a *quo warranto* action. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) ("*Quo warranto* is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights."); *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000) (A *quo warranto* proceeding is traditionally brought by the sovereign, or a representative of the sovereign). Consequently, even if properly considered as a petition for writ of *quo warranto*, Petitioner is entitled to no relief, as he has not asserted a proper basis for federal jurisdiction over his claim.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The present 28 U.S.C. § 2241 petition for habeas corpus relief filed by Jerome Greer-El be DENIED;

2. This habeas corpus application, to the extent that it seeks to challenge Petitioner's 2005 convictions for shooting into an occupied dwelling and shooting into an unoccupied vehicle, be DISMISSED under 28 U.S.C. § 2244(b)(3)(A), as Petitioner has failed to obtain the

requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application for either of these convictions;

    3.  The petition for writ of *quo warranto* (*Doc. No. 1*) be DISMISSED.

It is further

ORDERED that **on or before July 10, 2015**, Petitioner may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE